UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KULDEEP SINGH,
Plaintiff,

v.

PAMELA JO BONDI, et al.,
Defendants.

Case No. 25-cv-05265-ASK

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 28, 30

Plaintiff Kuldeep Singh is a citizen of India who seeks asylum from political persecution due to his affiliation with the Shiromani Akali Dal Amritsar (the "Mann Party")—a political party that seeks to create an independent Sikh homeland and that is adverse to the current Indian government. Mr. Singh entered the United States in July 2022 and filed the instant asylum application with the United States Citizenship and Immigration Services ("USCIS") in September 2023. Mr. Singh filed this lawsuit to compel the Government to schedule his interview or otherwise adjudicate his application, which has now been pending for three years.

Before the Court are the parties' cross motions for summary judgment. Dkts. 28, 30. These motions are suitable for resolution without oral argument. Civ. L. R. 7-1(b). Because the Government has not unreasonably delayed adjudication of Mr. Singh's asylum application, the Court **GRANTS** summary judgment in favor of Defendants. For the same reason, Mr. Singh's motion for summary judgment is **DENIED**.

## I. BACKGROUND

Mr. Singh arrived in the United States in July 2022 after fleeing India due to political persecution for his affiliation with the Mann Party. Dkt. 1 ¶¶ 28-32. He filed his initial asylum application with the San Francisco Immigration Court in October 2022. *Id.* ¶ 33. The Immigration Court dismissed Mr. Singh's case without prejudice in June 2023, noting that Mr. Singh "ha[d] the

United States District Court
Northern District of California

opportunity to seek asylum before another agency, USCIS[.]" *Id.* at 46-49. In September 2023, Mr. Singh filed his asylum application with USCIS. *Id.* ¶ 7.

Mr. Singh's application remains pending. *Id.* ¶ 34. He requested a date for his asylum interview in June 2024, April 2025, and June 2025, but USCIS denied all three of these requests. *Id.* ¶ 33.

Mr. Singh sues the Government under the Mandamus and Venue Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), for unreasonably delaying adjudication of his asylum application. He seeks to compel the Government to schedule his asylum interview. Dkts. 1 ¶¶ 53-54; 30 at 2.

The Government moves for summary judgment on the grounds that (1) Mr. Singh lacks any right to relief under the Mandamus Act, (2) the Court lacks jurisdiction under the APA to review Mr. Singh's claims, and (3) USCIS has not unreasonably delayed adjudication of Mr. Singh's application as a matter of law. Dkt. 28. Mr. Singh responded with a cross-motion for summary judgment. Dkt. 30.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* In determining whether a dispute is genuine, the Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

## III. DISCUSSION

Under the APA, the court may "compel agency action unlawfully withheld or

United States District Court
Northern District of California

United States District Court
Northern District of California

unreasonably delayed." 5 U.S.C. § 706(1). Under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up). In any event, "[m]andamus relief is not available to compel the scheduling of an interview." *Zhou v. Mayorkas*, No. 24-CV-09146-LB, 2025 WL 2323357, at *2 (N.D. Cal. Aug. 12, 2025); *see Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1175 (N.D. Cal. 2023) (collecting cases). So, the Court analyzes Mr. Singh's APA claim only.

An APA claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Vaz*, 33 F.4th at 1135–36 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty." *Id.* at 1136 (cleaned up).

Under the Immigration and Nationality Act, "in the absence of exceptional circumstances, the initial interview or hearing on [an] asylum application shall commence not later than [forty-five] days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). But "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

**A. Subject Matter Jurisdiction**

The Government contends that "[t]he APA does not provide an independent basis for subject matter jurisdiction." Dkt. 28 at 18. However, "courts in this district have held that there is jurisdiction to review an APA claim that the defendants failed to act within a reasonable time." *Zhou*, 2025 WL 2323357, at *2; *see Su*, 698 F. Supp. 3d at 1175 (collecting cases). "[W]hether the USCIS has a clear duty is a question of the essential ingredients of a federal claim under the APA, not federal-court subject-matter jurisdiction over a controversy." *Liu v. United States Citizenship*

United States District Court
Northern District of California

*& Immigr. Servs.*, No. 25-CV-02572-WHO, 2025 WL 3500542, at *4 (N.D. Cal. Aug. 25, 2025). The Court retains subject matter jurisdiction over Mr. Singh's claim of delay.

**B. APA Unreasonable Delay**

To evaluate unreasonable delay, courts consider the factors in *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*); *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (applying *TRAC*). Those factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80. The first factor is the most important, though the Court must "consider them all." *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). The period of delay is measured from the last government action to the issuance of the decision. *Zhou*, 2025 WL 2323357, at *3. Here, the Court considers a delay of September 2023 to the present.

**1. Rule of Reason**

As to the first factor, the Government's two-track system "is a sufficient rule of reason because it discourages frivolous filings and addresses the backlog." *Zhou*, 2025 WL 2323357, at *3; *see Liu v. United States Citizenship & Immigr. Servs.*, No. 25-CV-02572-WHO, 2025 WL 3500542, at *5 (N.D. Cal. Aug. 25, 2025) ("In the context of asylum applications, courts in this circuit have consistently held that USCIS's prioritization system known as 'last in first out' (referred to as 'LIFO') provides a persuasive rule of reason." (cleaned up)); *see also Su*, 698 F. Supp. 3d at 1177 (collecting cases). Though Mr. Singh's application has been pending for three years, "delays of four years or less are not unreasonable under the APA." *Zhou*, 2025 WL 2323357, at *3; *see Ou v. Johnson*, No. 15-CV-03936-BLF, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016) (collecting cases). This factor favors the Government.

Mr. Singh's invocation of Policy Memorandum 602-0192 ("PM 602-0192") does not change this result. By issuing PM 602-0192, Mr. Singh contends that "USCIS imposed a separate, categorical adjudication freeze[.]" Dkt. 30 at 3. But he concedes that PM 602-0192 was inapplicable to his asylum application. *Id*. at 3, 4, 9. Indeed, "asylum interviews and vetting were still being conducted" during the four months that PM 602-0192 froze asylum decisions. *See* Dkt. 28-3 ¶ 13. So, contrary to Mr. Singh's arguments, PM 602-0192 does not undermine the reasonableness of the Government's two-track system as applied to his asylum application.

**2. Clear Congressional Timetable**

As to the second *TRAC* factor, Congress has "provided a clear timetable for the processing of asylum applications, including 8 U.S.C. § 1158(d)(5)(A)'s expectation that interviews be scheduled within 45 days." *Liu*, 2025 WL 3500542, at *6 (cleaned up). These timing requirements are not mandatory; USCIS retains limited discretion under "exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A); *see Liu*, 2025 WL 3500542, at *6. Here, the Government cites the current backlog of asylum applications as the exceptional circumstance preventing the processing of applications according to statutory guidelines. Dkt. 28 at 24. But because the Government has failed to uphold the asylum statute's specified time limits or to provide any other timetable by which Mr. Singh's application is likely to be adjudicated, this factor favors Mr. Singh. *See Kyaw v. Jaddou*, No. 24-CV-06326-VC, 2025 WL 1310748, at *2 (N.D. Cal. May 6, 2025) (finding that the second *TRAC* factor favors the plaintiff where the government fails to follow the asylum statute's specified time limits or provide any other timetable for adjudicating the plaintiff's application).

**3. Health, Welfare, and Prejudiced Interests**

The third and fifth *TRAC* factors overlap and "concern whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay." *Su*, 698 F. Supp. 3d at 1178 (cleaned up). These factors slightly favor the Government because Mr. Singh can live and work in the United States pending adjudication of his application. *See* Dkt. 28-3 ¶¶ 20-21; *see Su*, 698 F. Supp. 3d at 1178–79 (favoring the Government where the plaintiff can legally live and work in the United States pending adjudication of their asylum application) (collecting cases); *see*

*also Dang*, 2023 WL 8007993, at *4 (observing that authorization to work "mitigates the impact on [an asylum applicant's] health and welfare). Mr. Singh notes that his wife and child—who he has never met in person—remain in Amritsar, India, and that he cannot petition for their admission to the United States while his asylum application remains pending. But all asylum applicants face the same or substantially similar circumstances. Unfortunately, "[p]rejudice is inherent in the asylum process." *Zhou*, 2025 WL 2323357, at *3. Mr. Singh has not submitted any evidence to support his claims of the ongoing surveillance suffered by his family in India or of his political associate's suspicious death.

**4. Effect of Expedition**

The fourth *TRAC* factor also favors the Government. Moving Mr. Singh "to the head of the queue would not reduce the backlog" and would favor his application at the expense of other applicants. *Zhou*, 2025 WL 2323357, at *3; *see also Su*, 698 F. Supp. 3d at 1179 (collecting cases); *Ou*, 2016 WL 7238850, at *4 (same). Compelling the Government to adjudicate Mr. Singh's application now would undermine USCIS's prioritization system.

**5. Impropriety**

Finally, as to the sixth *TRAC* factor, Mr. Singh has neither alleged nor offered any evidence of impropriety. He asserts that the Government has failed to provide any individualized analysis in denying his requests to expedite his application, but provides no authority to support the assertion that the lack of an individualized explanation constitutes impropriety. This factor favors the Government.

* * *

In sum, the *TRAC* factors favor the Government and warrant summary judgment. The Government's delay of 3 years is not unreasonable under the APA. *Zhou*, 2025 WL 2323357, at *3 ("[D]elays of four years or less are not unreasonable under the APA.").

## IV. CONCLUSION

For the reasons explained, the Court **GRANTS** the Government's motion for summary judgment and **DENIES** Mr. Singh's motion for summary judgment. This decision is limited to Mr. Singh's application as it exists now and does not preclude Mr. Singh from seeking relief from

unreasonable delay under different circumstances. The Court will issue judgment by separate order.

**IT IS SO ORDERED.**

Dated: October 28, 2026

AJAY KRISHNAN
United States Magistrate Judge